**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

DANIEL JUSTINIANO,

Plaintiff,

v.                                              CIVIL NO.  23-1332 (CVR)(HRV)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

After the Social Security Administration suspended Daniel Justiniano's (hereinafter, "Plaintiff" or "Mr. Justiniano") disability benefits because it had reason to believe that fraud or similar fault was involved in the application, Plaintiff embarked on a long and winding legal road that took him through two district court cases, the First Circuit, and landed in this action. As with the previous two court cases, Plaintiff moves to vacate the redetermination of his entitlement to disability benefits. He also challenges the constitutionality of the Social Security Administration's ("SSA" or the "Agency") redetermination procedures, particularly social security rulings SSR 22-1p, SSR 22-2p, SSR 16-1p, SSR 16-2p and the Hearings, Appeals and Litigation Law manual ("HALLEX") I-1-3-25.

The Commissioner of Social Security (hereinafter, "Commissioner") moved to dismiss causes of action 1-10 and 13-14 of the amended complaint, arguing that the only cause of action properly before the Court is the request for review of the administrative law judge's redetermination decision dated April, 2023.

For the reasons set forth herein, I recommend that the Court grant the Commissioner's Motion to Dismiss at Docket No. 15 in its entirety.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Mr. Justiniano was one of the plaintiffs in two previous civil actions against the SSA, Case Nos. 3:15-cv-2593-JAG (*Justiniano I*) and 3:18-cv-1830-ADC (*Justiniano II*). Both actions challenged the agency's November 14, 2013, notice terminating his disability insurance benefits because it had reason to believe that fraud or similar fault was involved in his application. The SSA was acting pursuant to a provision in the Social Security Act (the "Act"), 42 U.S.C. § 405(u), by which "[t]he Commissioner of Social Security shall immediately redetermine the entitlement of individuals to monthly insurance benefits ... if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits." *Id*. § 405(u)(1)(A). Specifically, the SSA had reason to believe that the medical evidence that supported Justiniano's application for those benefits was fraudulent because the evidence was traceable to a physician who was the subject of a federal fraud investigation.

In *Justiniano I*, the District Court dismissed the case for lack of subject matter jurisdiction based on the plaintiffs' failure to exhaust their administrative remedies. (Civ. No. 15-2593, Docket No. 15). Plaintiffs appealed and the First Circuit affirmed the District Court's decision. (*Id*., Docket No. 20).

Similarly, in *Justiniano II*, the Court granted the SSA's motion to dismiss for lack of jurisdiction and for failure to state a claim. (Civ. No. 18-1830-ADC, Docket No. 43). The only claim that survived dismissal was Plainitff's review of the Commissioner's final decision regarding entitlement to benefits. The plaintiffs, Mr. Justiniano included, filed an appeal that culminated in a stipulated order remanding the matter to the Commissioner for further proceedings. *See Pagán-Lisboa v. Soc. Sec. Admin.*, 996 F.3d 1 (1st Cir. 2021); *Justiniano II* (Civ. No. 18-1830-ADC, Docket No. 102). On remand, after conducting a new hearing, the Commissioner issued a new decision finding that plaintiff was not entitled to disability insurance benefits.

On June 20, 2023, Plaintiff filed this action against the Commissioner seeking the following remedies, in pertinent part:

 (i)  a ruling that SSA redeterminations must be based on individualized evidence;
 (ii)  a determination that the record does not contain sufficient evidence of fraud in the application;
 (iii) to vacate the redetermination of his benefits and to reinstate his disability benefits in full;
 (iv) a ruling that the agency improperly reduced the statutory period of coverage, in violation of the Fifth Amendment to the U.S. Constitution, the Social Security Act, 42 U.S.C. §§301- 1397mm, and the regulation in 20 C.F.R. §§404.900-404.999.
 (v)  a finding that Mr. Justiniano's onset date of disability was April 3, 2007, or in the alternative that he was disabled before December 31, 2012, his date last insured.
 (vi) Discovery from SSA.

Docket No. 1 at pgs. 77-78 (refiled at Docket No. 14 at pgs. 11-12).

The Commissioner moved to strike the complaint, arguing that it failed to comply with Fed. R. Civ. P. 8(a)(2). (Docket No. 11).

3

The Court granted the request and ordered plaintiff to refile the complaint, making sure that it included "a short and plain statement" of the claims asserted and stated all claims "in numbered paragraphs" in compliance with Fed. R. Civ. P. 8(a) and 10(b). Plaintiff complied. (Docket No. 14).

In lieu of a response, the Commissioner moved the dismiss in part. (Docket No. 15). Plaintiff opposed and the Commissioner filed a reply thereafter. (Docket Nos. 16 and 22, respectively). The presiding judge referred the motion to dismiss to me for report and recommendation. (Docket No. 21).

## III.    APPLICABLE LAW AND ANALYSIS

Plaintiff's complaint includes fourteen causes of action. (Docket No. 14). The Commissioner seeks dismissal of causes of action 1-10[1] and 13-14[2], effectively leaving only the eleventh and twelfth cause of action, which challenge the finding of fraud, and the ALJ's determination on the merits.

---

[1] First cause of action (violation of the Constitutional right to pre-termination due process); second cause of action (violation of the statutory right to a pre-termination evidentiary hearing); third cause of action (violation of the constitutional right to adequate notice); fourth cause of action (violation of the constitutional right to a decision based on particularized evidence); fifth cause of action (violation of the statutory right to a decision based on particularized evidence); sixth cause of action (violation of the regulatory right to a decision based on particularized evidence); seventh cause of action (violation of the statutory process for redeterminations); eight cause of action (violation of the regulatory process for redeterminations); ninth cause of action (right to pretermination hearing benefits); tenth cause of action (new administrative instructions and Social Security Rulings violate the Constitution, statutes and regulations).

[2] The thirteenth cause of action alleges violations to the statutory period of coverage, while the fourteenth cause of action seeks discovery from the SSA.

### A.  Motion to Dismiss Standard

A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)(quoting Fed. R. Civ. P. 8(a)(2)). But under rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action arguing that it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

To defeat such a motion, the opposing party must show that the complaint contains sufficient factual assertions "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plausibility requires "more than labels and conclusions." *Id.* at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While a pleader does not need to demonstrate that [it] is likely to prevail on its claim," *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013), a court faced with a 12(b)(6) motion must decide whether the allegations in the complaint "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  At this stage, the factual allegations in the complaint are accepted as true, and the court draws "all reasonable inferences in favor of the plaintiff." *Trans-Spec Truck Serv. v. Caterpillar, Inc.*, 524 F.3d 315, 320 (1st Cir. 2008)(*citing Garita Hotel Ltd. P'ship. v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir. 1992)).

### B.    Federal question jurisdiction

Although the Commissioner initially raised lack of jurisdiction as a threshold argument for dismissal, he later conceded in his reply to plaintiff's opposition that the

Court has jurisdiction over causes of action 1 through 13. (Docket No. 22 at pg. 1). As to the fourteenth cause of action, the Commissioner did not categorically refute the existence of jurisdiction but rather stated that it depended on whether the request for discovery was construed as a Freedom of Information Act ("FOIA"), or a Privacy Act ("Privacy Act") request.

Plaintiff responded that he properly alleged jurisdiction under Section 205(g)[3] of the Social Security Act because he is appealing a decision from the Appeals Council after exhausting the administrative review process. In addition, he asserts federal question jurisdiction under 28 U.S.C. §1331.

I find that Mr. Justiniano has properly plead jurisdiction, and thus, I recommend that the Court reject the Commissioner's jurisdictional challenge.  Accordingly, I will address the merits of the arguments advanced in support of dismissal for failure to state a claim.

### C.    Fourteenth cause of action – Discovery

The Commissioner alleges that the fourteenth cause of action should be dismissed on two grounds: failure to state a claim; and seeking a relief that is already being litigated in *Justiniano II*.  The complaint's fourteenth cause of action charges the Commissioner with failing to provide information about the processing of Plaintiff's claim and with a copy of "his own record", in violation of 5 U.S.C. § 552a. (Docket No. 14, ¶77). According

---

[3] Pursuant to Section 205(g), any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision.

to Mr. Justiniano, he "has a right to all documents pertaining to his claim as part of this case." (*Id.*) Plaintiff, however, mistakenly identified 5 U.S.C. § 552 as a provision within the FOIA when it is, in fact, contained within the Privacy Act.

### 1. *Failure to state a claim*

The Commissioner asserts that the fourteenth cause of action should be dismissed because plaintiff failed to exhaust remedies prior to bringing his claims before the Court.

Plaintiff's claim of FOIA/Privacy Act violations rests on the SSA's purported refusal to provide information about how his claim was processed. (Docket No. 14, ¶¶ 75-77). He asserts that he has a statutory right to access all the information that any federal agency maintains in their systems. (Docket No. 16 at pgs. 35-36). Mr. Justiniano's argument is based on a substantive right of information, a right that is not absolute. *See Am. C.L. Union Found. of New Hampshire v. United States Customs & Border Prot.*, 586 F. Supp. 3d 68, 74 (D.N.H. 2022)("[FOIA's] right of access is not absolute...").

The Privacy Act states that individuals may request access to their records in the SSA's system by visiting their local social security office or writing to the relevant system manager. 20 C.F.R. §§ 401.30-401.95 § 401.40(a), (c). The statute requires that requesters must, for instance: specify the system(s) of records they wish to have searched and the record(s) they seek[4]; give enough identifying information to allow the systems manager to find the requested record[5]; and verify their identity.[6]

---

[4] *Id.* § 401.40(b).
[5] *Id.* § 401.40(c).
[6] *Id.* § 401.45.

7

The Privacy Act also requires exhaustion of administrative remedies before filing suit. *See Mullane v. United States Dep't of Just.*, No. 19-CV-12379-DJC, 2021 WL 1080249, at *12 (D. Mass. Mar. 19, 2021)(citing *Barouch v. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013))(noting that "failure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by [the] statute"); *Mulhern v. Gates*, 525 F. Supp. 2d 174, 183 (D.D.C. 2007) (noting that the Privacy Act requires plaintiff to "seek review within the agency under the agency's regulations," and failure to do so deprives court of subject matter jurisdiction).

Nothing in the complaint indicates that plaintiff followed the required steps to request information under the Privacy Act. *See* 20 C.F.R. §§ 401.40(c), 401.100(c)(The SSA does not honor requests for "a blanket consent for all information in a system of records...[It] will disclose only the information [petitioner] specif[ies] in the consent.") Likewise, there is no indication that plaintiff exhausted administrative remedies before filing suit under the Privacy Act.

The Commissioner points out that the SSA's Office of Privacy and Disclosure ("OPD"), which reviews Privacy Act Appeals per 20 C.F.R. § 401.70(c)-(d), has confirmed it has not located any such appeal by plaintiff. (Docket No. 15 at pg. 7, n.1). In fact, in his opposition, Mr. Justiniano did not refute that he failed to follow the administrative procedures to request the information.

Therefore, we agree with the Commissioner that plaintiff has failed to sufficiently plead that he filed a valid Privacy Act request.

Even assuming, arguendo, that plaintiff mistakenly cited the Privacy Act when his real intention was to refer to FOIA, the outcome is the same. A request under FOIA must

follow certain administrative procedures. For example, it must reasonably describe the requested record; pay any assessed fees; and the mailed request must be properly addressed. *See* 5 U.S.C § 552(a)(3)(A); 20 C.F.R. §§ 402.130, 402.135 and 402.180.

Plaintiff's complaint does not allege that he made a request for disclosure under the FOIA, or that he administratively appealed a denial. As the Commissioner highlights, SSA's OPD has further confirmed it has not located any FOIA request from plaintiff.

Unlike the Privacy Act, FOIA's administrative exhaustion requirement is not jurisdictional. Courts, however, favor exhaustion before seeking judicial review of an agency's response to a FOIA request. *See Aboussa v. U.S. Postal Serv.,* No. 23-CV-393-LM, 2024 WL 498113, at *3 (D.N.H. Jan. 18, 2024)(citing *Kottori v. F.B.I.,* 784 F.Supp.2d 83, 85 (D. Mass. 2011) and quoting *Wilbur v. CIA,* 355 F.3d 675, 677 (D.C. Cir. 2004)).

Accordingly, I agree with the Commissioner that plaintiff has failed to sufficiently establish that he filed or administratively exhausted a valid FOIA request.

### 2. *Simultaneous Remedies*

Lastly, the Commissioner states that plaintiff's "right to discovery" cause of action should be dismissed because the issue is already pending before another judge in *Justiniano II*. Specifically, the Commissioner cites two post-judgment motions at Docket Nos. 103 and 110. The motions have since been resolved.

The "Motion in Aid of Judgment and Execution" (Docket No. 103) was denied, while the motion at Docket No. 110, which the Court deemed "duplicative", was found to be moot. (*Justiniano II* at Docket No. 112). On January 12, 2024, Plaintiff appealed the denial. (*Id.* at 113). That appeal is pending.

Upon reviewing Plaintiff's arguments in *Justiniano II*, I find that it duplicates the discovery request he seeks in this case. Relying on principles of equity, I find that the request for discovery should be held in abeyance until the matter is resolved in *Justiniano II. See Cherelli v. InStore Grp., LLC*, 513 F. Supp. 3d 187, 193 (D. Mass. 2021)(citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)(finding that a Court must weigh the equities when addressing the issues presented by duplicative actions and should consider "[w]ise judicial administration, ... conservation of judicial resources and comprehensive disposition of litigation.")

### D.    First, Third, Fourth and Tenth cause of actions – Due Process

Causes of action 1-10 of the amended complaint alleged claims of constitutional or statutory violations of Plaintiff's rights in the administrative process. Mr. Justiniano essentially challenges the validity of the agency policy on the grounds that it conflicts with the Constitution, the Act and the agency's regulations. As with most of his other allegations, Plaintiff's claims had been previously raised and rejected by the Court in *Justiniano II*.

The Commissioner argues that Plaintiff's challenges to section 405(u)'s redetermination process should be dismissed because once the SSA issued Rulings 22-1p and 22-2p, those constitutional challenges became moot. The reason being that the rulings afford individuals an opportunity to challenge the exclusion of evidence believed to be fraudulent, something that had not been available under the previous statutory scheme. According to the Commissioner, Mr. Justiniano availed himself of the proceedings established by those rulings, and now cries foul.

Plaintiff alleges that the SSA violated his constitutional right to due process by engaging in the following actions: (1) terminating his disability insurance benefits without giving him sufficient notice or a hearing to dispute the determination that fraud or similar fault was involved in his application (Docket No. 14, ¶¶ 25-27, 30-36); (2) failing to provide the legal basis for the redetermination of his benefits and evidence upon which the fraud redetermination was based (Docket No. 14, ¶¶ 28-32); and (3) failing to put forward particularized evidence that Mr. Justiniano himself was involved in fraudulent actions (*Id.*,¶¶37-42). The Commissioner moves to dismiss all of Plaintiff's due process-based claims. I will examine each in turn.

Regarding the allegations of lack of pre-termination hearing, the First Circuit already considered the issue in one of plaintiff's previous cases. In *Págan-Lisboa*, the Court ruled that plaintiff's due process arguments became moot once the SSA agreed that he was entitled to a hearing to challenge the "fraud or similar fault determination." *See Págan-Lisboa*, 996 F. 3d at 7. ("Justiniano-Ramírez mistake[s] the reality of [his] situation. And that is because [he] ignore[s] the agency's *post*-motion-to-dismiss concession that the agency — not the inspector general (or a prosecutor) — discovered the fraud, meaning that per agency policy, [he] must (and will, the agency says) get a chance to persuade an ALJ that there is no reason to believe that the complained-of evidence is fraudulent.")

Plaintiff admittedly took advantage of the proceedings set forth in Social Security Rulings 22-1p and 22-2p and received a hearing that comports with section 405(u). (Docket No. 14, ¶52.) Mr. Justiniano, however, counters that he has not received the hearing that he seeks because he has only been allowed to challenge the exclusion of

evidence under 405(u) and not, for example, the evidence of fraud upon which the agency initially suspended his benefits, or the other constitutional challenges he has raised.

The problem with plaintiff's argument is that the hearing he is statutorily entitled to receive is the 405(u) hearing, which already took place. Plaintiff wishes to bypass the administrative proceedings and receive a tailor-made hearing that is not statutorily prescribed. In that sense, his due process claims are meritless.

Likewise, plaintiff stated that he received the notice of termination of benefits in November of 2013, but only got a 10-day window to respond. (Docket No. 14, ¶32.), which "does not provide adequate opportunity to defend against an accusation of fraud." Plaintiff underrepresents the numerous opportunities he has had to present his case and contest the SSA's determinations, and the protections he has enjoyed in the interim. Plaintiff was awarded benefits back to the date they were terminated until the administrative law judge issued a new decision. *See*, *Justiniano II*, (Docket No. 102) ("reinstate benefits back to the date they were terminated [November 14, 2013], subject to the agency's rules for payment eligibility, and continue to pay benefits until an administrative law judge issues a new decision.") Thus, Plaintiff's claims of due process violations have no leg to stand on and should be dismissed.

Plaintiff's claim that his due process rights were violated because the SSA did not provide individualized evidence of fraud is equally unavailing. 42 U.S.C. § 405(u)(1)(A) requires the Commissioner to immediately redetermine benefits not based on a formal "finding of fraud" but rather on a "reason to believe that fraud or similar fault was involved" in the application. That is a low bar requiring less than definitive proof of fraud to reevaluate a prior award. The statute does not require particularized evidence of fraud,

or evidence that the claimant was directly involved in the fraudulent actions. Therefore, Mr. Justiniano fails to state a claim of due process violations regarding these SSA actions.

### E.  Second, Fifth and Seventh causes of action – Statutory challenge to Sections 205(b), 205(h), and 223(f)

In the complaint, Plaintiff alleges that the SSA: (1) violated his "statutory right to a pre-termination hearing provided by § 205(b)(2) of the Social Security Act" (Docket No. 14, ¶29, second cause of action); (2) violated his "statutory right to a decision based on particularized evidence that is provided for by Sec. 205(b)(1) of the Act" and the "statutory evidentiary standards to terminate benefits that are set by Sec. 223(f) of the Act" (*Id.* ¶¶ 40-41, fifth cause of action); and (3) violated "the rules on administrative finality from Sec. 205(h) of the Act" (*Id.* ¶ 48, seventh cause of action).

The Commissioner avers that Plaintiff has failed to state a claim for these alleged violations because he has mistakenly relied on provisions of the SSA that do not pertain to cases involving fraud. Congress enacted section 405(u) as a separate, "streamlined procedure" for redetermining an individual's entitlement to benefits when there is reason to believe that fraud or similar fault was involved in the application, even if the individual did not directly participate in the fraud. *See* 140 Cong. Rec. H4750-03 (1994). "With [Section] 405(u), Congress manifested an intent to displace res judicata principles that might otherwise preclude revisiting prior decisions if there is reason to believe a claim involved fraud or similar fault." *Ortiz-Miranda v. Comm'r of Soc. Sec.*, No. CV 23-1153 (MEL), 2024 WL 1090176, at *4 (D.P.R. Mar. 13, 2024)(citing *Berríos-Ortiz v. Comm'r of Soc. Sec.*, No. CV 18-1455, 2019 WL 4599834, *4 (D.P.R. Sept. 23, 2019)) (citations omitted) and *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 810–11 (6th Cir.

2018) (finding that section 405(u) overrides background principles of res judicata and authorizes reassessments of initial determinations if there is reason to believe that fraud was involved in an application)).

Section 205(b)(2), for instance, governs cases where a previously disabling impairment "is found to have ceased, not to have existed, or to no longer be disabling," *see* 42 U.S.C. § 405(b)(2), not redeterminations for findings of "fraud or similar fault." Unlike 42 U.S.C. § 405(b), section 405(u) does not contain any language requiring a hearing.[7] In this case, the SSA did not find that plaintiff had a disability that had ceased or that was no longer disabling. Therefore, Section 205(b)(2) does not govern Plaintiff's case.

Mr. Justiniano's claim that Sec. 205(b)(1) entitles him to a decision based on particularized evidence on the issue of fraud fares no better because it obviates the language of § 405(u)(1). Section 205(b)(1) directs the Commissioner to make findings in "any such decision…which involves the determination of disability." *Id.* Pursuant to the statute, Plaintiff certainly has a right to receive a determination with findings of fact, a

---

[7] Section 405(u)Redetermination of entitlement
(1)(A)The Commissioner of Social Security shall immediately redetermine the entitlement of individuals to monthly insurance benefits under this subchapter if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits, unless a United States attorney, or equivalent State prosecutor, with jurisdiction over potential or actual related criminal cases, certifies, in writing, that there is a substantial risk that such action by the Commissioner of Social Security with regard to beneficiaries in a particular investigation would jeopardize the criminal prosecution of a person involved in a suspected fraud.

(B)When redetermining the entitlement, or making an initial determination of entitlement, of an individual under this subchapter, the Commissioner of Social Security shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence.

14

statement of the case, and a discussion of the evidence, in the ALJ's determination of whether or not he is disabled.

But as to the issue of fraud, the plain language of the statute requires only a "reason to believe that fraud or similar fault was involved in the application of the individual for [social security] benefits." *See* 42 U.S.C. § 405(u)(1). Nothing in the statute requires a decision based on "particularized evidence." *See Hicks,* 909 F.3d at 811 (quoting 42 U.S.C. § 405(u)(1)(A))(Section 405(u) was enacted as an expedited procedure "to authorize reassessments of initial determinations without proof of fraud" when "there is reason to believe that fraud ... was involved in the application [for benefits]"). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300, 78 L. Ed. 2d 17 (1983). Moreover, even though it was not statutorily required, the ALJ's decision in this case included a discussion of the reasons why the agency believed that fraud was committed. (Docket No. 14, ¶¶ 39, 47).

Lastly, the Commissioner moves to dismiss plaintiff's seventh cause of action under the same rationale. Pursuant to section 405 (h), the findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing and shall not be reviewed by any person...or government agency except as herein provided. 42 U.S.C. § 405(h)(emphasis supplied). Specifically, Plaintiff argues that "original medical findings are binding" under section 405(h)..." (Docket No. 14, ¶

48). Once again, Plaintiff disregards the statutory language of section 405(u) and the case law interpreting it.

Following the same rationale previously discussed, I find that Mr. Justiniano has failed to state a claim for relief as to the second, fifth and seventh causes of action.

### F.  Sixth and Eight causes of action - SSA's reopening regulation

In addition to his statutory challenges, Plaintiff argues that the Commissioner's actions violated the SSA's reopening regulation, codified in 20 C.F.R. § 404.988(c)(1). (Docket No. 14, ¶¶45-46, 50-51). That provision lists the circumstances under which a determination or decision may be **reopened**. *See* 20 C.F.R. § 404.988(c)(1)(emphasis supplied).

The Commissioner responds that those claims fail for the same reasons that the statutory claims failed, namely, because regulatory reopening procedures do not apply to section 405(u) redeterminations. The Commissioner cites the *Hicks* decisions, where the court held that "plaintiffs cannot establish that the procedures governing reopenings also govern redeterminations." *See Hicks*, 909 F.3d at 809.

Given the unequivocal statutory language of section 405(u), and the interpreting case law, I recommend that the Court reject plaintiffs challenge under 20 C.F.R. § 404.988(c)(1), and that sixth and eight causes of action be dismissed for failing to state a claim for relief.

### G.    Ninth cause of action - waiver of overpayment

Plaintiff alleges that he has a right to waiver of any overpayment "if the decision is adverse and an overpayment is assessed." (Docket No. 14, ¶ 54). The Commissioner, however, ripostes that the issue is premature because Plaintiff has not complied with the

procedure to obtain judicial review of an overpayment assessment. This process requires an allegation of an overpayment assessment, administrative appeal of the issue, and a final decision from the SSA declining to waive the overpayment. *See D.S. v. Kijakazi*, No. CV 22-12001-FDS, 2024 WL 22858, at *2 (D. Mass. Jan. 2, 2024)(denying request for a recoup of the full amount of an overpayment where plaintiff has not exhausted his administrative remedies as required by § 405(g), including a final decision from the SSA concerning the claim.).

The record does not show that these procedural hurdles have been cleared and, thus, I find that the issue is not yet ripe for adjudication.

**H.    Tenth cause of action - Challenges to SSRs 22-1p and 22-2p[8]**

SSRs 22-1p and 22-2p explain "the revised process to redetermine an individual's entitlement to benefits or eligibility for payments under titles II or XVI of the Social Security Act (Act) when there is reason to believe that fraud or similar fault was involved in that individual's original application for benefits or payments." SSR 22-1p, 2022 WL 2533116, at *1. This section also provides a new procedure at the hearings level of the SSA's administrative review process. The procedure is that, before the SSA disregards evidence under the Act at the hearings level of the administrative review process, it will consider the individual's objection to the disregarding of that evidence. *Id*. Therefore,

---

[8] In this complaint, Plaintiff mentions SSR 16-1p, SSR 16-2p, and HALLEX § I-1-3-25 (Docket No.14, ¶ 57). SSRs 16-1p and 16-2p were rescinded and replaced by SSRs 22-1p and 22-2p. Also, HALLEX § I-1-3-25 mirror the procedures outlined in SSR 22-1p. HALLEX can be located online at https://www.ssa.gov/OP_Home/hallex/hallex.html (last accessed 4.11.24).

those rulings provide the remedy that Plaintiff sought (an opportunity to challenge the discarding of the fraudulent evidence) and obtained in *Justiniano II*.

Notwithstanding, Mr. Justiniano now argues that SSRs 22-1p and 22-2p "cannot be enforced because they conflict with [his] constitutional, statutory and regulatory rights." (Docket No. 14, ¶59). What's more, he claims that the SSA enacted those regulations to "legitimize [his] redetermination". (Docket No. 14, ¶57).

It is not clear from the complaint which constitutional, statutory, and regulatory violations the Plaintiff references. Assuming, arguendo, that Plaintiff alludes to due process violations, his argument fails because the sole avenue for navigating redetermination procedures is found in section 405(u).

Plaintiff then attacks the rulemaking process in enacting SSRs 22-1p and 22-2p, saying that it violated Section 221(k)[9] of the Act. (Docket No. 14, ¶ 60). However, as the Commissioner correctly highlights, Section 221(k) applies only to "regulations" within the meaning of the Administrative Procedure Act (APA), 5 U.S.C. § 553. *See* 42 U.S.C. § 421(k); 20 C.F.R. § 402.35, not to "administrative rulings" like SSRs 22-1p and 22-2p. Administrative rulings are "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," *see* 5 U.S.C. § 553(b)(A), and are thus

---

[9] Section 221(k)

(k)(1) The Commissioner of Social Security shall establish by regulation uniform standards which shall be applied at all levels of determination, review, and adjudication in determining whether individuals are under disabilities as defined in section 216(i) or 223(d).

(2) **Regulations** promulgated under paragraph (1) shall be subject to the rulemaking procedures established under section 553 of title 5, United States Code.

42 U.S.C. § 421(k)(emphasis supplied).

exempt from the rulemaking requirements for regulations. As the First Circuit pointed out in *Justiniano*, SSRs "are binding on the agency." *See Justiniano*, 876 F.3d at 29.

Next, plaintiff alleges that SSRs 22-1p and 22-2p were applied retroactively because they were issued in 2022, almost nine years after his first redetermination in 2013. (Docket No. 14, ¶ 61). Hence, he adds, they violate the Constitution's prohibition on ex-post facto laws. *See* U.S. Const. art. I, § 10.

The Commissioner refutes that conclusion, arguing instead that the administrative rulings are not new laws but rather an instrument to implement section 405(u). *See* Pub. L. 103-296, § 206 (Aug. 15, 1994); *see also* SSR 22-1p, 2022 WL 2533116, at *1 (noting that the ruling's purpose is to align more closely with the statute and Courts of Appeals decisions); SSR 22-2p, 2022 WL 2533117, at *1 (same).

The ex-post-facto challenge is a nonstarter. "The constitutional prohibition on ex post facto laws usually applies to criminal statutes." *Massachusetts v. Schering-Plough Corp.*, 779 F. Supp. 2d 224, 233 (D. Mass. 2011)(*citing Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 n.19, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994)). On the other hand, a civil statute may violate the Ex Post Facto Clause if it is so punitive in purpose or effect as to negate the legislature's intention to deem it civil and where civil disabilities disguise criminal penalties. *Id.* (citations omitted). There is nothing punitive about the new rulings and no retroactive application because they are merely interpretive, and do not announce new substantive rules.

Moreover, the redetermination process established in section 405(u) incorporated additional due process protections that were not present before, such as the right to challenge the application of fraud and similar fault. *See Alicea Gonzalez v.*

19

*Comm'r of Soc. Sec.*, No. 18-1222, 2019 WL 4233925, at *13 (D.P.R. Sept. 6, 2019); *Picon-Gonzalez v. Comm'r of Soc. Sec. Admin.*, No. CV 18-1016 (BJM), 2019 WL 4187701, at *17 (D.P.R. Sept. 4, 2019).  Plaintiff's case was remanded precisely to afford him additional procedural rights that were not available before the enactment of SSRs 22-1p and 22-2p. *See Págan-Lisboa*, 996 F.3d at 9-10 (remanding for "new redetermination proceedings permitting [Plaintiff] to challenge the exclusion of evidence submitted by … Hernández González in his case"); *Justiniano II*, Docket No. 100-02.  Therefore, this cause of action also fails to state a claim.

## I.        Thirteenth cause of action – Coverage Period

Lastly, plaintiff alleges that the SSA erred by considering only "the period from April 3, 2007 through December 2, 2009," instead of redetermining his claim "through the date last insured of December 31, 2012" (Docket No. 14, ¶¶ 72-73, Cause 13). This argument is unavailing as SSR 22-1p expressly requires ALJs to "consider the claim only through the date of the final determination or decision on the beneficiary's or recipient's application for benefits or payments (i.e., the date of the original favorable determination or decision)." SSR 22-1p, 2022 WL 2533116, at *6. SSA's prior Ruling, SSR 16-1p, likewise defined the relevant period. SSR 16-1p, 2016 WL 1029284, *5 ("We will consider the claim only through the date of the final determination or decision on the beneficiary's application for benefits (i.e., the original date of the allowance).").

In light of the clear statutory and regulatory language, I find that plaintiff's argument does not state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the reasons stated, I recommend that the Commissioner's motion to at Docket No. 15 be **GRANTED** and that causes of action 1-10, 13, and 14 be dismissed.

**IT IS SO RECOMMENDED.**

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

In San Juan, Puerto Rico this 11th day of April, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE

21