IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DANIEL JUSTINIANO,<br><br>Plaintiff,<br><br>v.<br><br>LELAND DUDEK, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | CIVIL NO. 23-1332 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

This case is the latest challenge brought by Plaintiff Daniel Justiniano ("Plaintiff") before this Court. Plaintiff seeks review of the final administrative decision of Leland Dudek, Acting Commissioner of Social Security ("the Commissioner"), who denied his application for disability benefits after a redetermination process.

Plaintiff was initially awarded disability benefits in 2009. (Tr. pp. 203, 409-14). In 2013, Plaintiff was informed by the Social Security Administration that it was suspending his benefits pending a redetermination process as mandated by 42 U.S.C. § 405(u)(1). (Tr. pp. 458-462). The redetermination was necessary because Plaintiff's award was based in part on medical evidence submitted by Dr. José Hernández González ("Dr. Hernández"), who was later charged with and convicted of conspiracy to make false statements to the Social Security Administration to obtain benefits for claimants. (Tr. pp. 583-90; Cr. No. 13-781 (FAB)). Thus, there was reason to believe that fraud was involved

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Dudek is automatically substituted as Defendant in this action. Fed. R. Civ. P. 25(d).

Case 3:23-cv-01332-CVR    Document 36    Filed 03/24/25    Page 2 of 13

Daniel Justiniano v. Leland Dudek, Commissioner of Social Security
Opinion and Order
Civil 23-1332 (CVR)
Page 2
_____

in the evidence that was used to justify Plaintiff's award. The Social Security Administration then commenced a redetermination proceeding where the tainted evidence was excluded and Plaintiff's case was examined anew. Since then, Plaintiff has filed several legal challenges, to wit, Justiniano v. Social Security Administration, Civil No. 15-2593 (JAG) and Pagán-Lisboa v. Social Security Administration, Civil No. 18-1830 (ADC), averring the process in fraud redetermination cases violated his due process rights.

Ultimately, Plaintiff's claim in the present case underwent the redetermination process before an Administrative Law Judge ("ALJ") under new regulations that allowed a claimant to contest previously excluded evidence. On August 3, 2022, a hearing was held. (Tr. pp. 77-119). Pursuant to the new regulations, besides presenting arguments as to the merits of his disability claim during the hearing, Plaintiff was allowed to present objections to the finding that there was reason to believe fraud was involved in his award and objections regarding the exclusion of Dr. Hernández' evidence. Id.

On August 25, 2022, the ALJ issued her decision, finding that Dr. Hernández' report and evidence should be excluded because there was reason to believe it was tainted by fraud, and that the remaining medical evidence was insufficient to support a finding that Plaintiff was disabled. (Tr. p. 50. 53). The Appeals Council subsequently denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner which is subject to review by this Court. (Tr. pp. 1-7).

The matter was referred to U.S. Magistrate Judge Héctor L. Ramos-Vega ("Magistrate Judge Vega-Ramos"), who issued a Report and Recommendation and recommended that the Commissioner's decision denying Plaintiff's disability benefits be

affirmed. (Docket No. 33). He also recommended that the Court deny Plaintiff's request for reconsideration of the constitutional challenges previously brought and already ruled upon. (Id.). Plaintiff filed an objection to Magistrate Judge Ramos-Vega's Report and Recommendation, and the Commissioner responded to those objections. (Docket Nos. 34 and 35).

For the reasons that follow, the Report and Recommendation is ADOPTED *in toto*. The Commissioner's decision is AFFIRMED, and the request to reconsider the constitutional challenges is DENIED.

## DISCUSSION

### A. Referral to a Magistrate Judge.

A district court may refer a pending motion to a Magistrate Judge for a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. R. 72. Any party adversely affected by the Report and Recommendation may file written objections within fourteen (14) days of being served with the magistrate judge's report. Loc. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005). The Court can "accept, reject, or modify, in whole or in part, the findings of or recommendations made by the magistrate" but if the affected party fails to timely file objections, the Court can assume that they have agreed to the Magistrate Judge's recommendation. Betancourt v. Ace Ins. Co. of Puerto Rico, 313 F.Supp.2d 32, 33 (D.P.R. 2004).

**B.      Standard of Review.**

Judicial review in Social Security cases is limited to determining "whether the [ALJ's] final decision is supported by substantial evidence and whether the correct legal standard was used." Coskery v. Berryhill, 892 F.3d 1, 3 (1st Cir. 2018) (quoting Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001)). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record, could accept it as adequate to support [the] conclusion." Irlanda-Ortiz v. Sec'y of Health & Hum. Servs., 955 F.2d 765, 769 (1st Cir. 1991).

As applicable to this case, "[w]hen redetermining the entitlement, or making an initial determination of entitlement, of an individual under this subchapter, the Commissioner of Social Security shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." 42 U.S.C § 405(u)(1)(B). The "reason-to-believe" standard is a "very low bar" requiring less than preponderance of the evidence. Hicks v. Comm'r of Soc. Sec., 909 F.3d 786, 820 (6th Cir. 2018). Additionally, the ALJ is permitted to "make reasonable inferences based on the totality of the circumstances such as facts or case characteristics common to patterns of known or suspected fraudulent activity." Social Security Regulation ("SSR") 22-2p(C)(2).

**C.      The Redetermination Decision.**

The ALJ specifically found that the report prepared by Dr. Hernández (Tr. pp. 1487-1496) had to be disregarded because there was reason to believe that fraud or other fault was involved, and provided four (4) reasons in support of her conclusion. (Tr. p. 50). The ALJ concluded that: 1) the pattern of the disabling report was akin to previous

Case 3:23-cv-01332-CVR     Document 36     Filed 03/24/25     Page 5 of 13

Daniel Justiniano v. Leland Dudek, Commissioner of Social Security
Opinion and Order
Civil 23-1332 (CVR)
Page 5
_____

fraudulent reports when Mr. Samuel Torres-Crespo ("Mr. Torres-Crespo") was involved[2]; 2) after a referral by Dr. Hernández, Dr. Antonio Maldonado ("Dr. Maldonado") reinterpreted findings of an x-ray taken three (3) months earlier and now indicated more aggravated findings without any explanation therefor; 3) a physical examination conducted by a different neurologist four (4) years later showed fewer abnormalities in gait and grip strength than Dr. Hernández had previously found to be extreme, despite no surgical intervention; and 4) Dr. Hernández' extreme findings with respect to hand limitations were entirely unsupported by the medical evidence in the record, including the opinion of a State agency medical advisor, and were the types of findings Dr. Hernández would make as part of the fraud scheme. (Tr. p. 50). The ALJ did not treat any of these individual reasons as dispositive, but rather made "reasonable inferences based on the totality of the circumstances" as SSR 22-2p requires. (Tr. pp. 50, 52). The ALJ found that all these factors combined met the "reason to believe" standard that fault was involved in Dr. Hernández' report and excluded it.

After setting aside this evidence, the ALJ examined the remaining evidence in the record, and applying the five (5) step sequential framework, found substantial evidence supporting a determination that Plaintiff was not disabled. (Tr. pp. 56, 59-67). The ALJ concluded Plaintiff had the capacity for light work as defined in 20 CFR 404.1567 (b), with certain limitations, and that considering his age, education, work experience, and residual functional capacity ("RFC"), there were jobs that existed in significant numbers in the

---

[2] Mr. Torres-Crespo was a non-attorney who would help claimants with benefit applications in Social Security cases and would refer them to Dr. Hernández (and other doctors) for evaluations. Dr. Hernández and the other physicians would then exaggerate medical complaints and symptoms to maximize the probability that applications for disability benefits would be approved. (Tr. p. 867). Mr. Torres-Crespo was not involved in Plaintiff's case. He ultimately pleaded guilty to making false statements to the Social Security Administration. (Cr. No. 13-538 (FAB)).

national economy that Plaintiff could perform such as: photocopy machine operator; mail sorter; and labeler. (Tr. pp. 59, 68-69).

### D. The Report and Recommendation.

After a thorough analysis, Magistrate Judge Ramos-Vega recommended the Commissioner's decision be affirmed. (Docket No. 33). He discussed the history of the case and the redetermination decision. He then went on to discuss why the ALJ did not err in excluding Dr. Hernández' report, finding that the record evidence adequately supported the ALJ's finding that the report had all the hallmarks of the fraud scheme Dr. Hernández had admitted responsibility for. Id., at p. 21. Along the way, the Magistrate Judge, as the ALJ did, specifically noted that there was no evidence that Plaintiff was involved in the fraud, but the standard did not require proof that an individual claimant "be a participant in, or even have knowledge of, the fraud." Id., at pp. 17-18. Given the relatively low "reason to believe" threshold, Magistrate Judge Ramos-Vega concluded that the ALJ's decision to exclude Dr. Hernández' report was correct. Id., p. 18.

Then, examining the remaining evidence of record, the Magistrate Judge found the ALJ's conclusion that Plaintiff was not completely disabled to be supported by substantial evidence. Id., at pp. 21-28. Regarding Plaintiff's physical capacity, Magistrate Judge Ramos-Vega discarded Plaintiff's argument that the agency consultants were biased and primed to find fraud, finding that the ALJ adequately explained her reasoning for giving more weight to the state agency physicians than to the treating physicians. Id., at pp. 23-24. The findings made by the state agency findings revealed less severe conditions and were consistent with and supported by other record evidence, as a whole. Id. As to mental functioning, the Magistrate Judge validated the ALJ's decision to give little weight to

Plaintiff's treating psychiatrist, as the treatment rendered was routine, conservative and unchanged throughout the time he treated Plaintiff. Id., at pp. 25-26. Magistrate Judge Ramos-Vega and the ALJ both highlighted that there were no hospitalizations or change in medications in spite of the treating psychiatrist's opinion that Plaintiff's condition was severe. Id., at p. 26.

For these reasons, Magistrate Judge Ramos-Vega recommended that the Commissioner's decision on the merits of the disability claim be affirmed. Id., at p. 28. Insofar as Plaintiff also sought reconsideration of the Court's previous determination of his constitutional challenges, Magistrate Judge Ramos-Vega also recommended the denial of this request, as the Court had previously dismissed them on the merits and because Plaintiff had failed to seek reconsideration in a timely manner under the applicable Federal Rules. Id., at pp. 26-27.

### E. The Objections to the Report and Recommendation.

Plaintiff objected to the Report and Recommendation, indicating that evidence of record was not made on the basis of substantial evidence. He brings three (3) challenges to the Magistrate Judge's recommendation and ultimately, to the ALJ's conclusions. First, he proffers that the inferences drawn by the ALJ and the Magistrate Judge regarding fraud in Dr. Hernández' report cannot be reasonably drawn on the scant evidence of fraud on the record, and the "reason to believe" threshold is not met. Second, Plaintiff argues that the Magistrate Judge failed to recognize the bias of state agency physician Dr. Benjamín Cortijo ("Dr. Cortijo") in examining the evidence of record. Finally, he avers that the ALJ's findings and conclusions related to Plaintiff's RFC were wrong because they were improperly based on Dr. Cortijo's assessments.

Case 3:23-cv-01332-CVR    Document 36    Filed 03/24/25    Page 8 of 13

Daniel Justiniano v. Leland Dudek, Commissioner of Social Security
Opinion and Order
Civil 23-1332 (CVR)
Page 8
_____

1. <u>Reason to believe fraud was involved and Dr. Hernández' report.</u>

Plaintiff contends that the evidence pointing to fraud must be specific, and while inferences can be drawn, they must be reasonable inferences. Plaintiff posits that, since no finding was made of any specific evidence tying this case to others tainted by fraud, the inferences drawn by the ALJ are at most suspicions, which are insufficient to carry her burden. In the same vein, he also proffers that the ALJ and the Magistrate Judge failed to identify the hallmarks or a pattern of fraud as required under the statute.

As previously mentioned, the ALJ is tasked with drawing reasonable inferences from "all the information in the record," including "facts or case characteristics common to patterns of known or suspected fraudulent activity." SSR 22-2p(C)(2). SSR 22-2p, However, direct evidence of fraud is not required, nor does it require a direct, side-by-side comparison of Dr. Hernández' admittedly other fraudulent reports with the specific report produced in this case, as argued by Plaintiff.

As originally noted by both the ALJ and then by the Magistrate Judge, findings were made supporting the conclusion that Dr. Hernández' report, which opined that Plaintiff was practically disabled, was tainted by fraud. Among others, the report was consistent with Dr. Hernández' established pattern of exaggerating medical complaints and symptoms for claimants, namely, there were unexplained changes in diagnostic x-ray impressions after a referral from Dr. Hernández; the much milder neurological findings by a doctor who later examined Plaintiff; and the extreme manipulative limitations claimed by Dr. Hernández were not consistent with the objective medical evidence. (Tr. p. 50). This, together with evidence from other physicians who found Plaintiff less restricted, prompted the ALJ and Magistrate Judge Ramos-Vega to consider Dr.

Hernández' evidence suspect. Taken as a whole, this is sufficient to meet the low "reason to believe" standard that fraud was involved in this case.

Plaintiff also takes issue with what he claims was the improper weighing of the re-interpretation of an x-ray (which significantly worsened Plaintiff's condition in a span of three (3) months) and the improper weight given to changes in medical findings over time (a physical examination by a different neurologist four (4) years later showed marked improvement in gait and grip strength than previously found by Dr. Hernández). He asserts that the evidence of record could reasonably support an inference of improvement and the ALJ instead inferred fraud therefrom.

While the above may be true, this argument faces an uphill battle as it has long been held that the weighing of evidence, and the conclusions to be drawn from that evidence, are assessments that the ALJ, and not this Court, is uniquely tasked with making. See Richardson v. Perales, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, (1971) (resolution of conflicts in the evidence is for the ALJ); Applebee v. Berryhill, 744 F.App'x 6 (1st Cir. 2018) (the ALJ, and not the courts, must determine issues of credibility, resolve conflicts in the evidence, and draw conclusions therefrom). Additionally, even if the administrative record could support a different conclusion, the Court must affirm the ALJ's ultimate finding if a reasonable person could accept the evidence supporting it as adequate. Evangelista v. Sec'y of Health and Hum. Servs., 826 F.2d 136, 144 (1st Cir. 1987). Thus, Magistrate Judge Ramos-Vega correctly held that there was sufficient and adequate evidence to support ALJ's determination of possible fraud.

In any event, Plaintiff likewise offers no explanation for these dramatic changes in his condition, except to say that divergence of medical records is no reason to find fraud.

Case 3:23-cv-01332-CVR    Document 36    Filed 03/24/25    Page 10 of 13

Daniel Justiniano v. Leland Dudek, Commissioner of Social Security
Opinion and Order
Civil 23-1332 (CVR)
Page 10
_____

As the Magistrate Judge noted, however, what triggered the ALJ's belief that this particular evidence was suspect was the reinterpretation of an x-ray to find a much worse condition in the short span of three (3) months, and a marked hand and grip improvement four (4) years later, coupled with the failure to offer any reasonable explanation for the changes. The ALJ also relied on evidence supplied by other medical experts, who also found Plaintiff to be less impaired than what Dr. Hernández concluded. This, in turn, reinforced the ALJ's reasonable inference that the report was tainted by fraud.

All these factors properly support a reasonable inference that there was reason to believe the evidence in question was tainted by fraud. Seen as a whole, the evidence clears the low bar for excluding the evidence. Consequently, Magistrate Judge Ramos-Vega ruled correctly in so finding.

    2.  <u>Reliance on Dr. Cortijo's assessment and the RFC.</u>

The Court discusses Plaintiff's claims of error 2 and 3 together, as it finds they are intertwined.

Plaintiff's second argument is that the ALJ gave more weight to the findings made by state agency physician Dr. Cortijo than to those made by his treating physician, Dr. Pablo Rodríguez ("Dr. Rodríguez"). Plaintiff argues that this is because Dr. Cortijo was primed to find fraud and therefore focused on discrediting the findings of treating physicians. The ALJ's reliance on Dr. Cortijo's flawed findings leads to his third claim of error, to wit, that the ALJ wrongly concluded Plaintiff's physical RFC was less restricted and he was not disabled.

When determining what weight to assign to a medical source opinion, the ALJ must consider the opinion's "supportability, consistency, relationship, specialization, and

other factors." Harrison v. Saul, Civil No. 20-10295, 2021 WL 1153028, at *5 (D. Mass. Mar. 26, 2021) (citing C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5)). The most important factors to be considered are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Regarding the supportability factor, an ALJ is required to weigh medical opinions keeping in mind that the more relevant the objective medical evidence there is in support of an opinion, the more persuasive that medical opinion will be. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As for the consistency factor, an ALJ must examine whether an opinion is consistent with the record as a whole. See 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); see also Tucker v. Kijakazi, Civil No. 21-cv-10317, 2022 WL 18032978, at *13 (D. Mass. Sept. 30, 2022) ("The consistency factor addresses the opinion's consistency with all of the evidence from medical and nonmedical sources."). The ALJ is therefore tasked with making findings based on the totality of the evidence, not just one report.

In the case at bar, there is consistency between Dr. Cortijo's opinions and other objective record evidence to support the conclusion that Plaintiff was not as restricted as found by Dr. Rodríguez. As noted by Magistrate Judge Ramos-Vega, other tests performed showed only mild carpal tunnel syndrome; the alleged onset date for disability dated back to 2007, but the record lacked any evidence of a diagnosis or treatment for carpal tunnel syndrome until 2009; and when such treatment was received, it was conservative and not aggressive.

The same goes for the Magistrate Judge's conclusion regarding Plaintiff's mental RFC (which the Court notes Plaintiff did not object to). The ALJ was unable to reconcile the extreme limitations found by treating psychiatrist Dr. César Cubano ("Dr. Cubano")

to the conservative treatment he provided to Plaintiff. As such, the Magistrate Judge concurred with the ALJ's opinion that Plaintiff's mental condition was not as serious as Dr. Cubano suggested, as the record lacked emergency room visits, hospitalizations, or changes in medication.

In any event, as correctly argued by the Commissioner, Plaintiff is basically asking the Court to re-weigh the conflicting medical evidence in the light most favorable to him, which is not the Court's role at this juncture. See Candelaria v. Comm'r of Soc. Sec., Civil No. 19-1303 (MDM), 2021 WL 9098265, at *2 (D.P.R. Jan. 21, 2021) ("While plaintiff would have preferred the ALJ to weigh the evidence differently, and give more weight to Dr. Vale's opinion, weighing the evidence is the ALJ's prerogative"); Theresa R. v. Kijakazi, Civil No. 22-00280 (NT), 2023 WL 4418394, at *3 (D. Me. July 10, 2023), report and recommendation adopted, Civil No. 22-00280 (NT), 2023 WL 4847258 (D. Me. July 28, 2023) (the court's role is not to re-weigh the evidence but to determine whether the ALJ's decision is supported by substantial evidence).

Consequently, the Court finds that Magistrate Judge Ramos-Vega correctly concluded that the ALJ properly gave more weight to the state agency physicians, as their assessments were more consistent with the record evidence. This, in turn, supported the ALJ's ultimate conclusion that substantial evidence in the record showed Plaintiff was not totally disabled. See Rodríguez v. Sec'y of Health & Hum. Servs., 647 F.2d 218, 222-23 (1st Cir. 1981) (ALJ's findings must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.").

Lastly, Plaintiff offered no objection to the Magistrate Judge's recommendation that the Court deny review of his constitutional challenges, given that they have already

Case 3:23-cv-01332-CVR    Document 36    Filed 03/24/25    Page 13 of 13

Daniel Justiniano v. Leland Dudek, Commissioner of Social Security
Opinion and Order
Civil 23-1332 (CVR)
Page 13
_____

been addressed on the merits and the request for reconsideration is tardy. The Court has already ruled on the merits of these claims and will not entertain them again, particularly in light of Plaintiff's failure to object to the Magistrate Judge's recommendation. (Docket Nos. 24 and 27); see Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (failure to object to a Magistrate Judge's Report and Recommendation within the specified time waives the right to appeal).

## CONCLUSION

In sum, an independent, thorough, *de novo* examination of the entire record shows that Magistrate Judge Ramos-Vega's findings and conclusions are well supported. Therefore, the court hereby ADOPTS his Report and Recommendation (Docket No. 33). Accordingly, the Commissioner's decision denying Plaintiff disability benefits is AFFIRMED.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 24th day of March 2025.

          S/CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ-RIVE
          UNITED STATES DISTRICT JUDGE